```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

**UNITED STATES OF AMERICA,**        )
                                     )
        **Plaintiff,**       )
                                     )
   **vs.**                           )   No. 4:07CR145-DJS
                                     )
**KELVIN MILLER,**                   )
                                     )
        **Defendant.**        )

## ORDER

Now before the Court is the government's second motion in limine, in which it seeks to preclude any references at trial to the alleged police misconduct of Officers Thomas Kitchell and Michael Ehnes involving use of Cardinals baseball post-season tickets seized from scalpers.

Such evidence would not here be offered for the purpose of proving action in conformity therewith, in the manner addressed and prohibited by Fed.R.Evid. 404. Rule 404(a)(3) references Rule 608 concerning the evidence of character and conduct of a witness. The government's motion fails to address the potential application of Rule 608 to the issues involving the playoff tickets. Rule 608(b) provides that specific instances of the conduct of a witness, as bearing on character for truthfulness, may not be proved by extrinsic evidence but may, in the Court's discretion, be inquired into on cross-examination of the witness.

The Court agrees with the government that Fed.R.Evid. 404 does not authorize admission of evidence concerning the baseball ticket investigation. The most pertinent rule for analysis of the exclusion the government seeks, however, is Fed.R.Evid. 608(b). For purposes of attacking a witness's credibility, Rule 608(b) permits, in the discretion of the Court, cross-examination concerning specific instances of the witness's conduct pertinent to his character for untruthfulness. Defendant argues that the conduct of Officers Ehnes and Kitchell in connection with the World Series tickets is relevant to their character for truthfulness, and that cross-examination on that issue should be permitted.

The parties exhibit disagreement as to what the conduct of the officers entailed. The government's motion in limine states that "the officers were accused of providing family members with Cardinal baseball tickets for the 2006 post-season games that were seized from scalpers" and represents that based on these accusations, and in the absence of a complete investigation into the matter, the officers "accepted the disciplinary decision" of the Board of Police Commissioners. Gov't Second Motion in Limine [Doc. #51], p.1. Defendant characterizes the conduct as the officers' scheme "to remove evidence, use it for their personal enjoyment or the enjoyment of family and friends, and then to sneak the evidence back into the evidence locker without the knowledge of superior officers." Def. Response [Doc. #55], p.3. In reply, the government argues that the defense is mistaken concerning the

facts: "No evidence was removed and returned illicitly to an evidence locker." Gov't Reply [Doc. #58], p.2.

It appears there exists no definitive public finding of any kind concerning the conduct of the officers who accepted discipline in the matter. The presumption of misconduct is warranted by their acceptance of discipline, however, and the Court agrees that misconduct involving personal use of tickets seized from scalpers is pertinent to the honesty and truthfulness of the officers in the performance of their duties. See, e.g., United States v. Davis, 193 F.3d 231, 256-57 (3d Cir. 1999) (a police officer's misappropriation of department gasoline for use in his personal vehicle clearly went to his truthfulness). Nonetheless, to avoid a "good cops/bad cops" sideshow into an incident very publicly but inconclusively treated in the media, the Court will exercise its discretion under Rule 608(b) not to permit cross-examination into, or any other reference to, the baseball ticket matter at the trial of Kelvin Miller.

Such exclusion is warranted by several over-arching principles applicable even to relevant evidence enunciated in Fed.R.Evid. 403. Further undue delay and waste of time is avoided, in the form of the government adducing rebuttal evidence addressing incidents alleged to support the officers' truthfulness. The danger of unfair prejudice is avoided as to incidents of which the public has heard enough discussion to have formed opinions that may not be supported by facts notably absent from public purview.

Finally, the Court notes defendant's expressed intention to address both the officers' misconduct and the discipline therefor. Def. Response [Doc. #55], p.4. The Advisory Committee notes to the 2003 Amendments to Rule 608 expressly address and preclude reference to the latter:

> It should be noted that the extrinsic evidence prohibition of Rule 608(b) bars any reference to the consequences that a witness might have suffered as a result of an alleged bad act. For example, Rule 608(b) prohibits counsel from mentioning that a witness was suspended or disciplined for the conduct that is the subject of impeachment, when that conduct is offered only to prove the character of the witness. *See United States v. Davis,* 193 F.3d 231, 257 n.12 (3d Cir. 1999) (emphasizing that in attacking the defendant's character for truthfulness "the government cannot make reference to Davis's forty-four day suspension or that Internal Affairs found that he lied about" an incident because "[s]uch evidence would not only be hearsay to the extent it contains assertion of fact, it would be inadmissible extrinsic evidence under Rule 608(b)").

Without reference to the discipline arising out of the incident, and in the absence of any definitive public determination of what occurred, the probative force of cross-examination addressing the baseball ticket matter is notably diminished.

For all the foregoing reasons,

**IT IS HEREBY ORDERED** that the government's second motion in limine to exclude allegations of police misconduct [Doc. #51] is granted. At trial in this matter, defendant shall make no

4

reference to the baseball ticket inquiry involving Officers Ehnes and Kitchell or to any related police misconduct.

**Dated this      22nd     day of January, 2008.**

**/s/Donald J. Stohr**
**UNITED STATES DISTRICT JUDGE**
